Guillermo Salazar Paláu, demandante y apelante, *v.* Manuel V. Domenech, Tesorero de Puerto Rico, demandado y apelado.

Núm. 7297.—*Sometido:* Noviembre 17, 1937. *Resuelto:* Julio 30, 1938.

*Ramón Dapena* y *Felipe Colón Díaz,* abogados del apelante; *Hon. Procurador General B. Fernández García* y *V. Palés Matos* y *C. Andréu Ribas, Subprocuradores Generales Auxiliares,* abogados del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En el presente caso el apelante entabló demanda ante la Corte de Distrito de Ponce, sobre devolución de contribuciones pagadas bajo protesta, ascendentes a $1,186.87. En la demanda se decía que en 28 de julio de 1931 el demandante y el Comisionado del Interior, en su carácter de Presidente de la Comisión de Hogares Seguros de Puerto Rico, celebraron un contrato a virtud del cual el Dr. Guillermo Salazar Paláu, demandante y apelante, se comprometió a vender a El Pueblo de Puerto Rico, para la referida Comisión de Hogares Seguros, una finca rústica situada en el municipio de Orocovis, con un área aproximada de 736 cuerdas; que por el aludido contrato la Comisión de Hogares Seguros convino comprar dicha finca por el precio estipulado de $57.75 por cuerda.

El mencionado contrato se otorgó sujeto a las siguientes cláusulas:

1. Aprobación por la Asamblea Legislativa de Puerto Rico de nueva legislación enmendando la Ley núm. 9 de 1930 (Leyes de ese año, pág. 151); la emisión de los bonos, tan pronto como se aprobara dicha legislación, y la entrega a la Comisión del valor de los mismos para ser utilizado por ésta en la compra de fincas.

2. Aprobación por el Procurador General de Puerto Rico de todos los títulos y documentos en que el Dr. Salazar Paláu funda su título a dicha finca.

3. Mensura de la finca y aprobación del plano por el Comisionado del Interior.

En dicho contrato se autorizaba al Pueblo de Puerto Rico a deducir del precio de la compraventa cualesquiera contribuciones que el vendedor adeudara sobre la referida finca.

Las condiciones arriba mencionadas fueron cumplidas en la siguiente forma:

1. La Ley núm. 9 de 1930, supra, fué enmendada por la Ley núm. 41 de abril 24 de 1931 (Leyes de ese año, pág. 363), que fué luego derogada por la Ley núm. 4 de diciembre 14 de 1932 (Leyes de ese año, pág. 147);

2. La documentación y el título de la finca fueron aprobados por el Procurador General de Puerto Rico el 9 de mayo de 1932; y

3. El plano de la finca fué aprobado por el Comisionado del Interior el 18 de mayo de 1933.

En 28 de julio de 1933 el Dr. Salazar Paláu otorgó a favor del Pueblo de Puerto Rico la escritura de compraventa de la finca.

Del precio convenido de la compraventa El Pueblo de Puerto Rico dedujo la suma de $1,186.87 por contribuciones sobre la propiedad para los años fiscales 1931–32, 1932–33 y 1933–34.

El apelante pagó los referidos $1,186.87 bajo protesta y entabló demanda ante la Corte de Distrito de Ponce para recobrar dicha suma, alegando que la referida propiedad pertenecía al Pueblo de Puerto Rico desde el 28 de julio de 1931, y que en su consecuencia él no tenía que pagar las referidas contribuciones. La Corte de Distrito de Ponce

resolvió que el contrato celebrado por el Dr. Salazar Paláu y El Pueblo de Puerto Rico era un contrato unilateral, es decir, una mera promesa de venta, y que por tanto el título no pasó a El Pueblo de Puerto Rico hasta la fecha en que se otorgó la escritura de compraventa, o sea, hasta el 28 de julio de 1933.

El demandante alega que la corte de distrito cometió tres errores, a saber:

1. Al declarar que el contrato celebrado por el Dr. Salazar y la Comisión era una mera promesa de venta por parte del Dr. Salazar, aceptada por la Comisión.

2. Al resolver que la Comisión aceptó una promesa de venta hecha por el Dr. Salazar, pero que no celebró un contrato de compraventa.

3. Al resolver que la Comisión no adquirió la finca hasta el 28 de julio de 1933, fecha en que se otorgó la escritura de compraventa, y que de conformidad con los términos de dicha escritura y de la promesa de julio 28 de 1931 el Tesorero de Puerto Rico tenía derecho a deducir el importe de todas las contribuciones adeudadas por el demandante apelante sobre dicha finca, hasta el día en que se efectuó la venta, o sea hasta el 28 de julio de 1933.

Es perfectamente claro que en alguna época entre 1931 y 1932, El Pueblo de Puerto Rico puso un celador en la propiedad y la idea fué que protegiese dicha propiedad, pero de todos modos el celador no continuó allí después de octubre de 1932.

Asimismo se desprende que en alguna fecha entre 1931 y 1933, el Dr. Salazar mismo recogió una pequeña cosecha de café en dicha propiedad. El apelante insiste en que el contrato fué de hecho consumado en 1931, aunque sujeto a condiciones. La corte de distrito y el apelado dicen que el supuesto convenio entre las partes era solamente obligatorio como uno unilateral. En otras palabras, que solamente quedaba obligado por el contrato, el Dr. Salazar.

No tenemos que decidir la cuestión de si el convenio original era unilateral o no, porque somos del parecer que la intención de las partes queda aclarada por la cláusula tercera del convenio original que lee como sigue:

"Es convenido, además, que los vendedores remitirán al Comisionado del Interior, don Guillermo Esteves, una vez aprobada la documentación, el plano de la finca objeto de este contrato para su ratificación, entendiéndose que si no tuvieren plano alguno, el Comisionado del Interior procederá a la mensura y replanteo de dicha finca, para todo lo cual usará el personal de su departamento, conviniéndose que los gastos de dicha ratificación y mensura serán por cuenta de los vendedores, quedando por la presente autorizado el Comisionado del Interior para deducir dichos gastos del importe del precio convenido, y autorizándose también a El Pueblo de Puerto Rico a cobrarse, del importe de dicho precio, las contribuciones que sobre dicha propiedad le estuvieren adeudando los vendedores comparecientes."

El párrafo citado demuestra que las partes tenían en mente un período futuro en que la deducción de las contribuciones habría de efectuarse. La fraseología de la cláusula está en futuro o su equivalente. Opinamos que de todo el convenio se desprende que la intención de las partes era que El Pueblo de Puerto Rico tuviese el derecho de deducir estas contribuciones cuando finalmente se llevase a cabo la venta, como sucedió en 28 de julio de 1933. Hemos tenido alguna duda principalmente porque El Pueblo de Puerto Rico, al poner un celador en la propiedad, actuó como si fuese ya el dueño absoluto, pero El Pueblo de Puerto Rico no insistió, y la presencia de dicho celador puede que fuese solamente una tentativa del Pueblo tolerada por el Dr. Salazar. No sería extraordinario que El Pueblo pusiera un celador en la finca teniendo en perspectiva la compra de la misma, aun no siendo realmente el dueño de la finca.

Si no hubiese habido convenio en cuanto a las contribuciones, el Dr. Salazar hubiese estado obligado a pagarlas, y si la idea de las partes hubiese sido que las contribuciones

no se dedujeran, tal intención se hubiera puesto de manifiesto claramente.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor De Jesús no intervino.